[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By its four count complaint, dated October 18, 2000, the plaintiff; Hazen's Inc., alleges: in Count One, book debt; in Count Two, breach of contract; in Count Three, unjust enrichment; and, in Count Four, quantum meruit. The defendant, Connecticut Health Facilities, Inc., filed its answer and special defenses on January 23, 2001. The plaintiff denied the defendant's special defenses by reply dated January 29, 2001.
After a full trial, all parties present and/or represented by counsel, the court, by a preponderance of the credible, relevant and legally admissible evidence, and the reasonable, rational, logical and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The plaintiff; Hazen's Inc., is a Connecticut Corporation, which at all times relevant hereto, has been engaged in the sale of office furniture, products, materials and other services relating thereto.
The defendant, Connecticut Health Facilities, Inc. was a nursing home customer of the plaintiff and purchased products from the plaintiff; pursuant to a series of contracts, for use in new or rehabilitated nursing homes of the defendant.
In 1997, the plaintiff ceased its primary business of selling office products and furniture but continued in the business of collecting old accounts receivables.
Almost all of the party's business was conducted pursuant to written contracts. In 1994, the defendant was completing a project on a new nursing home in Madison, Connecticut, and was engaged in a $22,000,000 project at the Arden House in Hamden, Connecticut which involved its complete rehabilitation. At some time during this period, the defendant's payment for goods delivered became untimely. However, by the spring of 1996, all payments were up to date.
The parties continued to do business including a contract in the amount of $250,000 for products delivered to a nursing home in West Hartford, Connecticut. This contract was supplemented by another additional contract in the amount of $24,382.47. Four change orders followed including two for additions and two for deletions to the original contract price.
The transactions pursuant to the contracts and change orders were concluded in June of 1997.
The plaintiff claims that a review of its records indicate that it is CT Page 8279 still owed the amount of $28,299.64 for goods delivered to the defendant.
The defendant claims that it paid, in full, all of its obligations to the plaintiff and that its last payment of $65.72 in September of 1997 constituted the extinguishment of all sums owed by the defendant to the plaintiff.
The plaintiff made no claims for amounts due from the defendant until March of 2000. The defendant denies such claim, whereupon the plaintiff filed this action.
The evidence presented to the court by the plaintiff appears to be the result of a reexamination of its records over much of its course of conduct with the defendant, particularly from January 23, 1995 to September 25, 1997.
The plaintiff could not produce evidence that it billed the defendant for the amount claimed due from September 25, 1997 to March of 2000 when it requested payment from the defendant.
The defendant claims it paid all amounts due and owes the plaintiff nothing.
The court expressly finds that the evidence presented by the plaintiff in support of its claim has failed to sustain its burden of proving by a preponderance of the evidence in its claim against the defendant.
The court finds the evidence of the defendant, under the facts and circumstances of this case, to be more credible and reliable than that of the plaintiff.
Accordingly, the court finds the issues for the defendant on all counts of the plaintiff's complaint and that judgment should enter for the defendant on the four counts of the plaintiff's complaint, with costs of such.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE